POPE MANUFACTURING CO. v. THE CHARLESTON CYCLE CO.

1. ACCOUNT STATED—DEFENSE—CREDITS—PARTNERSHIP—FRAUD.—One partner alleging that account stated was so stated with him alone as partnership, may set up as defense to such account, alleged by plaintiff to have been stated between plaintiff and a partnership composed of two members, credits alleged to have been left out of account stated through the fraud of the plaintiff. *Divided Court.*

2. IBID.—IBID.—IBID.—IBID.—Facts amounting to a set off or credit cannot be set up as a defense to an account stated in absence of allegations of fraud or mistake in stating the account.

3. IBID.—COUNTER-CLAIM.—ANSWER cannot be construed to state a counter-claim because counter-claim cannot be set up by one of the alleged partners against an account stated with a partnership.

Before GAGE, J., Charleston, November, 1899.   Modified.

Action by Pope Manufacturing Co. against The Charleston Cycle Co.   From order refusing motion by plaintiff to strike out certain parts of defendant's answer, plaintiff appeals.

*Messrs. Smythe, Lee & Frost*, for appellant, cite: *Debts to be set off must be mutual:* 2 Bay, 146; 1 McC., 7; 3 McC., 249; Cheves, 50.   *Same rule under Code:* 21 S. C., 200; 30

S. C., 128; 33 S. E. R., 791.    *The matter set up constitutes
a counter-claim:* 30 S. C., 115; 42 S. C., 28; Code, 176.

*Messrs. Bryan & Bryan,* contra.    *No citations.*

September 20, 1900.    The opinion of the Court was de-
livered by

MR. JUSTICE JONES.    The plaintiff appeals from an order
refusing a motion to strike out certain allegations of defend-
ants' amended answer.  · The first cause of action set forth in
the complaint was upon an alleged account stated between
plaintiff and defendants.    Defendants' amended answer
thereto was, first, a general denial and then as follows: "2.
Further answering, and for further defense to the first cause
of action, these defendants further allege that the account
alleged to 'be stated in paragraph three of the first cause of
action of the complaint, was not stated by and between the
plaintiff and defendants, William H. Welch and Edw. B.
Welch, as copartners under the firm name of The Charleston
Cycle Company, but was stated between the plaintiff, the
Pope Manufacturing Company, and Edw. B. Welch solely
doing    business    as    The    Charleston    Cycle    Company
[and same account is fraudulent, null and void, by rea-
son of the following facts, to wit: That E. B. Welch,
doing    business    as    The    Charleston    Cycle    Company,    in
the year 1894 and thereafter, contracted with the said
Pope Manufacturing Company, as its agent, to sell ·
its bicycles at the highest discount rate allowed any of its
agents, and under the terms of such contract, the defend-
ant, E. B. Welch, doing business as The Charleston Cycle
Company, sold 157 bicycles of the said Pope Manufacturing
Company, during the years 1894, 1895 and 1896, upon
which the said Pope Manufacturing Company allowed E. B.
Welch, doing business as The Charleston Cycle Company,
only twenty per cent. discount of gross sales, falsely and
fraudulently representing to E. B. Welch, doing business as
The Charleston Cycle Company, at the time of making such

contract, and thereafter, in 1894, 1895 and 1896, that twenty per cent. discount was the highest and best rate allowed its agents for sales of bicycles; whereas, the highest and best rate of discount allowed by said Pope Manufacturing Company to its agents, at such sales, in said years 1894, 1895 and 1896, was twenty-five per cent. of gross sales; and that E. B. Welch, doing business as The Charleston Cycle Company, relying upon said false and fraudulent representations of the Pope Manufacturing Company, had made settlements, from time to time, with the Pope Manufacturing Company, during 1894, 1895, 1896 and 1897, and only since said settlements in 1897, and recently, discovered the false and fraudulent representations aforesaid of the Pope Manufacturing Company, And there was omitted from such account stated, referred to in paragraph 3, first cause of action, by reason of the false and fraudulent representations of the Pope Manufacturing Company, five per cent. additional of gross sales of said 157 bicycles, amounting in the aggregate to the sum of $785.25, which said amount of $785.25 was omitted from the said account stated, while the said E. B. Welch, doing business as The Charleston Cycle Company, then and there was relying upon the false and fraudulent representations aforesaid of the Pope Manufacturing Company]. 3. Further answer, and for a further defense to the first cause of action, the defendants further allege that the account alleged to be stated in paragraph three of the first cause of action of the complaint, on the 26th day of May, 1897, was not stated as therein alleged by and between the plaintiff, the Pope Manufacturing Company, and the defendants, E. B. Welch and William H. Welch as copartners doing business under the firm name of The Charleston Cycle Company, but was stated between the plaintiff, E. B. Welch, solely, doing business as The Charleston Cycle Company [and same was stated only as partial account and not as final account, but only upon the express condition and agreement that The Charleston Cycle Company might thereafter include in said account any and all then existing claims it might have against the Pope Man-

ufacturing Company, arising out of the business relations existing between them, which claims were then and there referred to, and that said existing claims in favor of The Charleston Cycle Company against the Pope Manufacturing Company were as follows, to wit: That the said Charleston Cycle Company, engaged only in selling bicycles, contracted in 1894, 1895 and 1896, with the said Pope Manufacturing Company, to sell only its bicycles in the city of Charleston, as its agent, and said Pope Manufacturing Company agreed to pay the said The Charleston Cycle Company the highest rates of discount on such sales, and to keep the said The Charleston Cycle Company fully and promptly supplied with its said bicycles in regular trade, and give it full line of credit on the same. That on the          day of          1896, relying upon the said contract of the said Pope Manufacturing Company, The Charleston Cycle Company ordered of the said Pope Manufacturing Company, $1,000 of its bicycles, and paid in advance the sum of $1,000 therefor, and instructed immediate shipment of the same. But notwithstanding the payment of the said price by The Charleston Cycle Company, and the receipt of the said sum of $1,000 in payment of the same, the said Pope Manufacturing Company falsely notified the said The Charleston Cycle Company that all said goods and bicycles were shipped, but refused to ship the bicycles so ordered and paid for, and delayed any shipment whatsoever for a long time; and finally, after great delay, only shipped bicycles of value not exceeding $300, to the great and manifest harm of the said The Charleston Cycle Company, in injuring and breaking up its trade and business, and destroying its business with its customers. And further, that the said Pope Manufacturing Company shipped, from time to time, to The Charleston Cycle Company, its defective bicycles and parts of bicycles, as good and standard bicycles and parts, and made defective repairs to bicycles returned for repairs, by The Charleston Cycle Company, and withheld bicycles of The Charleston Cycle Company's customers sent to the said Pope Manufac-

turing Company for repairs by The Charleston Cycle Company, resulting in the great injury of The Charleston Cycle Company, and loss of trade, and injuring the responsibility of The Charleston Cycle Company. That all the said acts and wrongs and injuries were done by the said Pope Manufacturing Company knowingly, recklessly, wilfully, oppressively, to the damage of The Charleston Cycle Company, $5,000]." Plaintiff moved to strike out that portion of the second and third paragraphs above quoted which we have enclosed within brackets, "On the ground that the said matter so contained in the said answer is irrelevant to the issues herein, and does not, nor does either of them, state facts sufficient to constitute a set off, or a defense in this proceeding, inasmuch as this action is brought by the plaintiff against William H. Welch and E. B. Welch, as copartners, doing business under the name and style of The Charleston Cycle Company, on causes of action alleged to be due to the plaintiffs by said copartnership, while the said defenses and set offs are interposed by the defendant, E. B. Welch, alone, on causes of action alleged to be due by the plaintiff to him individually."

1. I am of the opinion that the Circuit Court did not err in refusing to strike out the matter objected to, which is contained in the second paragraph of defendant's amended answer. For fraud or mistake specifically alleged, and account stated, may be surcharged with an omitted credit or falsified for a wrong charge. The defendants allege fraud in stating the account between the plaintiff and the defendant, E. B. Welch, as to transactions between them. If the answer had stopped here, the matter would have been liable to be stricken out as irrelevant, as being between plaintiff and one of the defendants in his individual capacity, and so not referable to the account stated which is the subject matter of the complaint. But the answer goes further and supplies the connecting link, not with the clearness desirable, but with sufficient clearness to defeat the motion to strike out, in view of the duty to con-

strue pleadings favorably to the pleador and to promote sub-
stantial justice between the parties.   The answer further
alleges : "And there was omitted from *such account stated
referred to in paragraph 3, first cause of action,* by reason of
the false and fraudulent representations of the Pope Manu-
facturing Company, &c."—thus charging an omission in the
account stated which is sued on through the fraud of plain-
tiff.   The defendants may be able to show that the account
which they allege was stated between plaintiff and E. B.
Welch was an item in the account stated set up in the com-
plaint.   If so, then if there was an omission of credit
through fraud in an item or items which go to make up the
account stated sued on, and such fraud (as is alleged) was
not discovered until after said accounting was had, such
fraud would necessarily be connected with the account sued
on.   We would emphasize that it is incumbent on defendant
to show fraud in the account stated sued on, not in some
other independent and disconnected account stated, but obvi-
ously if some other account stated affected with fraud was
carried into the account stated, which is sued on, and such
fraud was not discovered at the time of the latter accounting,
the fraud goes forward into and affects the latter account.
I agree, therefore, with the Circuit Court that this defense
attacks the account sued on.   If it be established, credit
should be allowed defendant against the stated account to
the extent of the fraudulent omission.   The decision in the
former appeal in this case, 55 S. C., 528, does not conflict
with this view at all.   Then one of the defendants attempted
*to set up a counter-claim in his own favor alone in a suit*
against a partnership on a partnership liability, which could
not be done for want of mutuality in the claims.   Now both
defendants seek to surcharge a stated account with a credit
omitted, as alleged, through fraud, which may be done upon
proof of fraud affecting the stated account sued on.

2. As to the motion to strike out the designated matter in
the third paragraph of the answer, we think the Circuit
Court erred in refusing said motion.   An examination of

that part of the answer will show that no fraud or mistake is alleged against the account stated. On the contrary, it is alleged that the claims spoken of in the answer were referred to at the time of the stating of the accounts, and that there was an express agreement that the Charleston Cycle Company [meaning thereby E. B. Welch] might thereafter include in said account any and all existing claims he might have against plaintiff arising out of the business relations existing between them. Such allegation negatives any omissions of credit through fraud or mistake or any wrong charge. An account stated is defined in 1 Ency. Law, 2 ed., 437: "An agreement between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true, and that the balance is correct, together with a promise, express or implied, for the payment of such balance." In view of this definition, the allegations objected to might be regarded as going to show that no account stated as alleged in the complaint was in fact had, inasmuch as the transactions described lacked the essential elements of an account stated, but such an issue is already raised by the general denial; or said allegations might be construed as averring that by express agreement the balance struck in the stated account was left subject to a counter-claim for the matter set up in the answer. But the answer cannot be sustained as setting up a counter-claim, because there is nothing to show that any counter-claim exists in behalf of the defendants as copartners, and it is clear that in a suit against partners on a partnership liability, the copartners cannot avail themselves of a counter-claim existing in favor of one of them as an individual. It is true, that the answer speaks of such claim as that of The Charleston Cycle Company, but the context shows that the claim is not in favor of the defendants as copartners under the name of The Charleston Cycle Company, but in favor of E. B. Welch, doing business under the said name. The allegation that the stated account was upon the express condition and agree-

ment that The Charleston Cycle Company [E. B. Welch] might thereafter include said claim, &c., alleges an agreement not with the defendant copartners, but with E. B. Welch. Hence the claims fail as counter-claims in this action for want of mutuality with the claim sued on.

The judgment of this Court is, that the judgment of the Circuit Court in refusing to strike out the designated matter in the third paragraph of the amended answer is reversed; but by reason of an equal division of the Court, the judgment of the Circuit Court stands affirmed in so far as it relates to the motion to strike out the matter designated in the second paragraph of the amended answer.

MR. JUSTICE POPE *concurs.*

MR. JUSTICE GARY *dissents, and concurs in the dissenting opinion of* MR. CHIEF JUSTICE MCIVER.

MR. CHIEF JUSTICE MCIVER, *dissenting.* Being unable to agree with Mr. Justice Jones in the view which he takes of the first point considered in his opinion, I propose to state, very briefly, the grounds of my dissent. The language which he quotes from the answer, if it stood alone, might, possibly, be sufficient, under a liberal construction of the pleadings, to connect the matter which the plaintiff moved to strike out, with the account stated, which constituted the plaintiff's first cause of action, to wit: an account stated between the plaintiff and the defendants as a copartnership under the name and style of The Charleston Cycle Company. But when this language is read with reference to the context in connection with that which goes before, and that which follows after—which is required by the rules of construction—it seems to me impossible to regard the language quoted as referring to the account stated between the plaintiff and the defendants, which constituted plaintiff's first cause of action, but must be regarded as referring to an account stated between the plaintiff and E. B. Welch, one of the defendants. Inas-

much as the second paragraph of the answer, which contains the language relied on, is fully set out in the leading opinion, it will be unnecessary to repeat it here. I will, therefore, only call attention to such portions of the paragraph preceding and following the language quoted, as, in my judgment, negative the idea that the defendants intended to refer to the account alleged to have been stated *between the plaintiff and the two defendants as copartners,* under the name of The Charleston Cycle Company, and, on the contrary, the language used was intended to refer to an account stated between the *plaintiff and one of the defendants,* E. B. Welch. The paragraph sets out with a distinct allegation "that the account alleged to be stated in paragraph three of the first cause of action of the complaint, was *not* stated by and between the plaintiff and defendants, William H. Welch and Edw. B. Welch, as copartners under the firm name of The Charleston Cycle Company, but *was* stated between the plaintiff, The Pope Manufacturing Company, and the defendant, Edw. B. Welch, solely, doing business as The Charleston Cycle Company, and *same* account is fraudulent, null and void, by reason of the following facts, to wit:" proceeding to state the facts. Now what was manifestly meant by the words "same account?" Why clearly the account which defendants had alleged was stated between plaintiff and E. B. Welch *solely,* and certainly not the account which plaintiff had alleged was stated between it and the *two* defendants, as copartners, for defendants had just alleged that there was no stated account between plaintiff and the *two* defendants. The paragraph then, after stating the facts alleged to constitute the fraud charged, proceeds as follows: "And there was omitted from *such* account stated, referred to in paragraph 3, first cause of action, by reason of the false and fraudulent representations of the Pope Manufacturing Company," &c. (which was the language relied upon by Mr. Justice Jones), "five per cent. additional of gross sales of said 157 bicycles, amounting in the aggregate to the sum of $785.25, which said amount of $785.25 was omitted from

the *said account stated, while* the said E. B. Welch, doing business as The Charleston Cycle Company, then and there was relying upon the false and fraudulent representations aforesaid of the Pope Manufacturing Company." Now do not the words *"such* account" and the words *"said* account stated, *while* the said E. B. Welch, doing business as The Charleston Cycle Company, then and there relying upon the false and fraudulent representations aforesaid of the Pope Manufacturing Company," manifestly show that the defendants, in using the language quoted and relied upon by Mr. Justice Jones, referred to the account stated between E. B. Welch, *one* of the defendants, and the plaintiff, and *not* to the account stated between the plaintiff and the *two* defendants, as copartners, which constitutes the basis of the first cause of action. Indeed, it looks to me like a contradiction in terms, to say that the defendants, in that portion of the second paragraph of their amended answer, which the plaintiff moved to strike out, were referring to an account stated, which they expressly alleged "was *not* stated by and between the plaintiff and defendants, William H. Welch and Edw. B. Welch, as copartners under the firm name of The Charleston Cycle Company," instead of the account which they expressly allege *was* stated between the plaintiff and *one* of the defendants. Now if the plaintiff on the trial shall fail to satisfy the jury that the account stated, which constitutes the basis of the first cause of action, was not, in fact, stated by and between the plaintiff and both of the defendants as copartners, then the plaintiff will fail to recover on that cause of action; and the question whether there were fraudulent errors and omissions in *another* account stated by and between other parties, to wit: the plaintiff and *only one* of the defendants, is wholly immaterial to the issue raised by the pleadings, and ought, therefore, to have been stricken out.

I concur in the conclusion reached by Mr. Justice Jones as to the second point considered by him, and shall not undertake to add anything to what he has said on that point.

I think, therefore, that the order appealed from should be reversed in whole, and not in part merely.